UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORTEZ DAYSHAWN BUMPHUS,<br><br>Defendant. | Criminal No. 4:23cr54-01 |

## ORDER

The Court is in receipt of a *pro se* submission by the Defendant, Cortez Dayshawn Bumphus (Mr. Bumphus). ECF No. 888. Therein, Mr. Bumphus requests "relief from counsel" and makes various allegations about the quality of representation being provided to him by his current court-appointed Counsel, Mr. Sheldon. *Id.* Because Mr. Bumphus is represented by counsel, the Court will take no action on the submission.

However, the Court notes that it has previously discussed with Mr. Bumphus the contours of the attorney-client relationship and what defense choices are strategic decisions for his appointed attorney to make. The Court addressed this topic on the record at the August 20, 2024, hearing, as follows:

> Number one, it's your decision solely, not your attorney's decision, whether or not you want to plead guilty or not. So you control that 100 percent.
>
> Number two, you control 100 percent whether or not you have a jury trial or a judge trial. So that's your decision 100 percent. Your attorney can beg you not to do something. At the end of the day, it doesn't matter what your attorney advises you, it's your decision 100 percent.

1

Number three, it's your decision whether or not you want to testify in that jury box right there in front of this jury or if you want to remain silent. So if your attorney says hey, I don't think you want to testify, and you're like I don't care, I want to testify, then you have that decision and there's nothing anybody can do. That's 100 percent.

It's your decision if you decide to appeal your case -- once you're at trial, if you're convicted, and your sentence is imposed. So those are the only decisions you have.

Now, your attorney, who is the person who has gone to law school, who has taken the bar -- and these attorneys that you're getting are seasoned federal defenders, they know the rules, they know the law, they've been in front of these federal juries, they've been in the guidelines, they've been in the minimum mandatories, they've been in the statutory maxes, they know the judges, right -- so your attorneys then make the decision, number one, whether or not to file a motion to sever.

Now, you may not agree with that attorney's decision to say no. But when an attorney tells you no, your attorney is just not pulling a number out of the air. Your attorney is seasoned in knowing what the law is in the Fourth Circuit for severing a trial. You don't just stand up and say I want to sever it. You have cases and guidelines, either by the Fourth Circuit or other circuits or the Supreme Court, as necessary, to help you decide what to do. So if your attorney says no, you don't agree with it, I don't want to hear about it because it's not your call, it's your attorney's call.

Number two, motions to suppress -- the lawyers are not supposed to file motions in federal court unless there is a material, genuine issue for the Court. They don't just file it because their clients tell them to. They file it when they review the evidence and then they review the law and then they say well, in my opinion, this is something that I, as the lawyer, need to bring in front of the judge -- otherwise, it's frivolous and it's immaterial.

So we don't just file things in federal court. We have facts, and we look at the law, and then we do the analysis. And then your attorney, if your attorney thinks he has a good faith, or she has a good faith effort to go forward, then they will file that motion.

So I don't know what your new attorney is going to do with this motion to suppress. If your attorney decides that's a valid motion, then your attorney will file it.

If your attorney doesn't, in his or her legal opinion, based on their experience in federal court, decides not to do it, don't write me about it because you don't control that decision. You are not the lawyer.

> Number three, issues dealing with discovery -- issues dealing with Jencks, issues dealing with Brady and Giglio, those are all lawyer calls. They are supposed to explain it to you and help you understand what these witnesses will say when they testify to this jury. They're supposed to review the documents so you'll know in advance of trial what documents will be up on that TV that the jury is going to see. But these are all lawyer decisions. And if you don't agree with it -- you are not the lawyer.
>
> Who to call as defense witnesses, if anyone, in your trial, that is your lawyer's job.
>
> What exhibits, defendant's exhibits to show to the jury, that is your lawyer's call.
>
> So these are all the things you need to understand. Your decisions are limited. Your attorney is a tool to help you journey through a foreign system, to you, as you get ready for your jury trial.

Tr. Aug. 20, 2024, Hr'g, 21–24, ECF No. 722. The Court also admonished Mr. Bumphus about the constitutional contours of his relationship with his appointed counsel in its subsequent written Order. Order at 2–3, ECF No. 708. He is well aware of which choices he has sole control over at this time.

Mr. Bumphus is **REMINDED** that while the Sixth Amendment guarantees constitutionally adequate representation, it does not guarantee a meaningful relationship between a defendant and his appointed counsel. *Morris v. Slappy*, 461 U.S. 1, 13–14 (1983). Disagreement with his attorney over trial strategy does not constitute grounds for withdrawal of that attorney. *United States v. Frazier*, 313 F. App'x 587, 588 (4th Cir. 2008); *see also United States v. Roof,* 10 F.4th 314, 351 (4th Cir. 2021) (a defendant has the ultimate authority to make certain fundamental decisions regarding their case; those decisions include whether to plead guilty, to waive trial by jury, to testify on their own behalf, or to file an appeal; counsel may make certain decisions without the consent of a defendant where they involve trial

strategy and defense tactics; attorneys have discretion over items like what evidence should be introduced at trial, any evidentiary stipulations, as well as what objections and pre-trial motions are appropriate).

Appointed counsel to Mr. Bumphus, Mr. Sheldon, is hereby **NOTIFIED** of the submission (ECF No. 888) so that he may take whatever action he deems necessary, if any. Should Mr. Sheldon file any motion with the Court related to Mr. Bumphus' submission, it shall include a recitation of the factual and legal basis supporting any requested relief. Given the relatively short period of time before trial, the Government **SHALL** respond to any such motion within three (3) business days. The Clerk is **REQUESTED** to forward a copy of this Order to the Government, Defense Counsel, and the Defendant.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

December 4, 2024
Norfolk, Virginia

4